LYDIA H. KANE and Others, Respondents, v. MARY J. ODELL, Individually and as Sole Surviving Trustee under the Last Will and Testament of LAWRENCE ODELL, Deceased, Appellant, Impleaded with THOMAS MORRIS ODELL and Others, Defendants.

(*Supreme Court, App. Div., First Dept., February* 11, 1916.)

REAL PROPERTY—WILL—ACTION TO SET ASIDE INSTRUMENT DIVIDING PROPERTY UNDER TERMS OF WILL—MOTION FOR STAY UNTIL BIRTH OF POSTHUMOUS CHILD—PARTIES DEFENDANT.

A testator devised his residuary estate to executors to divide into equal parts, and to hold one of said parts in trust for the benefit of his daughter Mary, with remainder to her lawful issue surviving, but in the event of her death without issue her share was to be disposed of as directed by her will, and in the event of her decease without a will, then it was to be conveyed to a son, Joseph, and daughter, Lydia, in equal shares, and in case of the death of either or both, then to the issue of such as may have died leaving issue. The other half was to be held in trust for the benefit of the daughter, Lydia during her life, with remainder to her lawful issue surviving.

The daughter Lydia and her children brought an action to set aside

an instrument executed by the executors dividing the property under the terms of the will, and to remove her sister from the trusteeship for misconduct and to construe the will. The testator died, leaving the son and two daughters above mentioned. The son subsequently died, survived by eight children, all of whom are named as parties defendant, except one L., who died, leaving a child *en ventre sa mere.* The son also left several grandchildren, whose parents are living.

*Held,* that a motion to stay the action until the birth of the posthumous child of L. and to then make such child a party should be granted, because, under section 56 of the Real Property Law, said child becomes, when born, entitled to its father's interest in the estate, and if not made a party will not be bound by the decree.

It is not necessary, however, to make the grandchildren of Joseph parties to the action where the child is alive, because the parent represents the grandchild, and the latter is bound by the decree through privity with his parent.

APPEAL by the defendant, Mary J. Odell, individually and as trustee, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of January, 1916, denying said defendant's motion to bring into the action certain additional parties.

Alfred L. Marilley, for the appellant.

Frank L. Cunningham, for the respondents.

SMITH, J. — Lawrence Odell died in 1886, leaving a son, Joseph H. Odell, and two daughters, Lydia H. Kane and Mary J. Odell. Joseph died subsequent to the testator's decease; leaving him surviving eight children, all of whom are named as parties defendant except one Lester, who died leaving a child *en ventre sa mere.* Joseph also left numerous grandchildren, whose parents are still living. Lydia H. Kane has two children.

The 5th clause of the will devised the residuary estate to the executors, to divide into equal parts and

" To Hold one of said parts or shares in trust, to receive the rents, issues and profits of that part of my real estate and to

invest that portion of my personal estate at interest and to apply the net rents, issues and profits, interest and income arising therefrom to the use of my daughter Mary J. Odell, and on her decease to convey, assign and make over said one-half to her lawful issue her surviving; but in the event said Mary shall die without leaving issue then on her decease to convey, assign and make over said one-half to such person or persons and to such uses and purposes as the said Mary shall by her last will and testament direct; but in the event of the decease of said Mary without leaving lawful issue her surviving and without leaving any such will, then to convey, assign and make over said one-half part of my residuary estate to my son Joseph H. and daughter Lydia in equal shares, and in case of the death of either, or both, then to the issue of such of them as may have died leaving issue, such issue to take the share which his, her or their parent would have taken if living; and

" To Hold the other and remaining half of my said residuary estate in trust to receive the rents, issues and profits, interest and income arising therefrom, and apply the same to the use of my daughter Lydia Kane during her natural life, and on her decease to convey, assign or make over said one-half to the lawful issue of my said daughter Lydia, her surviving."

Mary J. Odell and one Burnett were executors, and in 1891 they exercised their power of distribution under said 5th clause and divided certain real property on West Thirty-third street (which was the bulk of the estate), and made and recorded an instrument for that purpose. Burnett died subsequently, and this action is brought by Lydia H. Kane and her children to set aside this instrument of division, to remove Mary J. Odell from the trusteeship for misconduct and to construe the will.

The order appeal from denied a motion (1) to stay the motion until the birth of Lester Odell's posthumous child and to then make him a party to the motion, and (2) to make par-

ties to the action all the issue of Joseph Odell whose parents are still living.

Under section 56 of the Real Property Law (Consol. Laws, ch. 50; Laws of 1909, ch. 52) the child of Lester Odell *en ventre sa mere* becomes when born entitled to its father's interest in the estate. It is immaterial whether that be merely a contingent interest or a vested interest liable to be divested by the death of Mary J. Odell with issue or without issue, and having made a will. If not made a party this child will not be bound by this decree, which would leave an unmarketable title to which the defendant may properly object. In order to procure a decree then which shall bind all of the parties necessary to the action the trial of the issue should be delayed until the birth of said child, and if born alive said child should then be made a party to the action that it may be bound by the decree.

We see no necessity for making any of the grandchildren of Joseph H. Odell parties to this action where the child is alive. The parent represents the grandchild, and the grandchild is bound by the decree through his privity with his parent. The order should, therefore, be reversed, with ten dollars costs, and the motion granted to delay the action until the birth of the child of Lester Odell, and if born alive that such child be made a party to the action.

CLARKE, P. J., SCOTT, DOWLING and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted as stated in opinion. Order to be settled on notice.